# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LADONNA PELFREY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:25-cv-158 |
| v. ) | |
| ) | Judge Atchley |
| RAYTHEON RTX, ) | Magistrate Judge McCook |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court *sua sponte* to determine whether it has subject matter jurisdiction over the allegations of the Complaint [Doc. 1]. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (challenge to a federal court's subject-matter jurisdiction may be made at any time and the court should raise the question *sua sponte*) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Plaintiff's Complaint [Doc. 1] is totally implausible and factually frivolous, depriving the Court of subject matter jurisdiction. She is not entitled to leave to amend, and this action will be **DISMISSED**.

I.     **FACTS**

This is one of numerous cases filed in this district by Plaintiff Ladonna Pelfrey arising out of her belief that she is being tortured, harassed, sexually abused, and followed by various individuals and Government entities using "energy weapons." *See, e.g., Pelfrey v. Department of Energy, et al.*, Case No. 1:25-cv-72. The instant action is nearly identical to *Pelfrey v. Lockheed Martin*, Case No. 1:25-cv-157, filed the same day. Plaintiff asserts the same claims under the same statutes, attaching the same photos. Only slight differences in wording differentiate her factual allegations.

In the instant action, Plaintiff names Raytheon RTX as Defendant, asserting claims for gross negligence, assault, and battery. [Doc. 1 at 1]. She also identifies 18 U.S.C. § 2241, 18 U.S.C. § 113, and 18 U.S.C. § 116 as statutory bases for her claims. [*Id.*].

The entirety of Plaintiff's allegations are as follows:

> First, I swear to the truth nothing but the truth so help me God. Your development of these systems has caused great abuse against me extreme pain & suffering. My story is terrifying that I am being electrocuted & shocked by this technology. Holes beamed into my head. CT scans showed skull also penetrated. The pain I live with is evil a reality everyday & its difficult to share my personal torment, but you must know. The shawdows of suffering follow me dayily. The attacks on me, women, & girls is grotesque & disturbing. I am tracked, watched, followed by your system. Please see all photos with court.

[Doc. 1 at 2] (errors original). Attached to her Complaint are photos, presumably of Plaintiff, depicting scabs and open wounds on her face and head. [Doc. 1-1].

For her relief, Plaintiff requests: "Shut down this Anti Christ system from these criminals," "relief for pain & suffering," and "stop the pain from these invisible beams." [Doc. 1 at 3]. In a Supplement, she adds additional photos, including X-rays, a photo of a woman swimming, a photo of a woman in a white hat, and photos of what look to be open wounds on someone's scalp. [Doc. 3].

On June 5, 2025, Plaintiff filed a Motion to Amend Complaint and Motion for Default Judgment [Doc. 6]. She lists seven of the cases she has filed in this Court, so the motion was filed in all cases. No executed summons or proof of service has been filed in this or any of the other cases listed. The document does not add any factual allegations, but seeks to amend "to add I am asking also for $10 million or more to settle these cases." [*Id.*].

## II.     STANDARD OF REVIEW

Federal courts lack subject matter jurisdiction over complaints that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v.*

2

Case 1:25-cv-00158-CEA-JEM     Document 7     Filed 06/20/25     Page 2 of 7     PageID #: 23

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). "Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Id.* at 479. However, the district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* This authority "is reserved for patently frivolous complaints," not cases where it seems unlikely that the plaintiff can ultimately state a claim under Federal Rule of Civil Procedure 12(b)(6). *Zareck v. Corrections Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020).

The Sixth Circuit has repeatedly confirmed the district court's authority to dismiss such actions *sua sponte* for lack of subject matter jurisdiction. *Cutburth v. United States*, Case No. 22-5159 (6th Cir. Aug. 31, 2022) (unpublished) (affirming dismissal of complaint asserting 9/11 conspiracy theory and finding plaintiff was not entitled to amend); *Bey v. Weisenburger*, No. 23-3689, 2024 WL 3912829 (6th Cir. June 5, 2024) (sovereign citizen allegations in lawsuit against towing company, police officers, prosecutor, and municipal judges arising out of conviction for failure to comply with police orders was properly dismissed *sua sponte*); *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966 (6th Cir. Aug. 2, 2022) (lawsuit against judge who presided over foreclosure action properly dismissed under *Apple v. Glenn*); *Dekoven v. Bell*, 22 F. App'x 496 (6th Cir. 2001) (fee-paid complaint premised on plaintiff's belief that he was the messiah was "delusional" and properly dismissed sua sponte). Even in a fee-paid action, where a complaint is "totally implausible," the plaintiff is not entitled to leave to amend. *See id.*

### III. ANALYSIS

Plaintiff's claims are totally implausible and factually frivolous. "A claim is frivolous when it is based on 'fantastic or delusional' factual allegations or on legal theories that are indisputably

3

without merit." *Bartlett v. Kalamazoo Cnty. Comm'y Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, *1 (6th Cir. Aug. 22, 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). Plaintiff claims she is being electrocuted and shocked by technology developed by Raytheon RTX using "invisible beams." She alleges she is being tracked, watched, and followed by unidentified "systems" that are causing her "great abuse." She asks the Court to shut down "this Anti Christ system from these criminals." [Doc. 1 at 3].

"Although these allegations may be real to Plaintiff, a reasonable person would find them to be so delusional as to be wholly incredible." *Valadez v. Whipple*, Misc. No. 7:20-mc-1220, 2021 WL 8016842, *2 (S.D. Tex. Jan. 12, 2021). Courts in this Circuit have dismissed similarly fantastical allegations. *See Dorr v. Unknown Agent of Nat'l Security Agency*, 2018 WL 4214402 (E.D. Mich. Sept. 15, 2018) (dismissing as frivolous plaintiff's allegation that federal agencies intercepted his cell phone, causing him mental distress); *Krusell v. Biden*, 2021 WL 3489613 (W.D. Mich. Aug. 9, 2021) (dismissing as frivolous plaintiff's allegation of medical problems caused by Nazis and a "fungal nanotech virus from DARPA"); *Sorezo v. Smith*, 2023 WL 162196 (E.D. Mich. Jan. 11, 2023) (dismissing as frivolous plaintiff's claims that NASA "invaded his privacy using space technology"); *Valadez*, 2021 WL 8016842 (allegations that DEA agents used "Direct Energy Weapons" against plaintiff were delusional and subject to dismissal); *Bartlett*, 2018 WL 4492496 (affirming dismissal of allegations that plaintiff was raped, molested, tortured, and subjected to "biomedical treatments" and "severe radiation" in a mental health facility). Where, as here, a complaint is "totally implausible," the plaintiff is not entitled to leave to amend. *Cutburth v. United States*, Case No. 22-5159 (6th Cir. Aug. 31, 2022) (unpublished).

The Complaint is also, in large part, legally frivolous. Plaintiff cites three federal criminal statutes as the basis for her claim for relief. "All statutes under Title 18 of the United States Code

4

are criminal laws." *Spitters v. Estate of Spitters*, 2019 WL 13202177, *3 (N.D. Ca. March 6, 2019). This means that while "[t]he government may bring a case against a person for violating these laws," ordinarily an individual plaintiff cannot bring a private action under a criminal statute. None of the statutes Plaintiff identifies provide a private right of action. *Wall v. District of Columbia*, 2025 WL 958233 (D.D.C. March 31, 2025) (explaining that 18 U.S.C. § 2241 and related statutes are "criminal statutes and do not give rise to any private right of action" (citation omitted)); *Newton v. Kardashian*, 2024 WL 4544328, *12 (N.D. Ohio Oct. 22, 2024) (explaining that 18 U.S.C. § 113A is a "federal criminal statute[] that Plaintiff may not enforce"); *Hoelzel v. Princess Cruise Lines, Ltd.*, 2024 WL 3005907, *2 (June 4, 2024) (dismissing claim brought under 18 U.S.C. § 113 because it is a criminal statute that does not provide a basis for civil liability); *Spitters*, 2019 WL 13202177 at * 3 (18 U.S.C. § 116 does not provide a private right of action).

Plaintiff also includes claims for "gross negligence, intentional torts – assault & battery." [Doc. 1 at 1]. While these are private causes of action, Plaintiff's only allegation of wrongdoing is so fantastical as to be incredible – that Raytheon RTX developed technology that is invisibly beaming holes into Plaintiff's head. Because the factual foundation of the Complaint is totally implausible, it cannot be cured by amendment and is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### IV. VEXATIOUS LITIGANT WARNING

Plaintiff has filed nine lawsuits in this Court arising out of her belief that she is being tortured and sexually assaulted by technology beaming into her home and person. Five of these lawsuits are nearly identical and were filed on the same day. *See* Case Nos. 1:25-cv-72 to 1:25-cv-76 (the "March 7th Cases"). She then filed an appeal of a case management order entered in Case

No. 1:25-cv-72, but filed that appeal in all five March 7th Cases despite there being no order entered in the other four. All five appeals have been dismissed by the Sixth Circuit for lack of jurisdiction.

Despite seeking to proceed *in forma pauperis* in the March 7th Cases, Plaintiff later paid both the filing fee in this Court and the $605 fee to appeal each case to the Sixth Circuit. In her two most recent cases – this action and *Pelfrey v. Lockheed Martin*, Case No. 1:25-cv-157 – she also paid the filing fee. Her action against Lockheed Martin is nearly identical to the instant action.

Her allegations in each of these actions are related to those the Court found frivolous several years ago in *Pelfrey v. Giordano, et al.*, Case No. 3:23-cv-31. After explaining why her allegations were frivolous, the Court gave her an opportunity to amend, which she did not take. *Id.* at [Doc. 7]. The action was dismissed, and she subsequently filed two meritless motions to reopen. *Id.* at [Docs. 11 & 14].

Plaintiff's filings have required a significant amount of the Court's time and attention. She has, moreover, spent a sizable sum bringing duplicative and meritless lawsuits and filing interlocutory appeals where no order has been entered. Her motion to amend and for default judgment does not even attempt to comply with the Court's Local Rules or the Federal Rules of Civil Procedure.

Accordingly, Plaintiff is **WARNED** that if she continues to file frivolous complaints and motions, **she will be deemed a vexatious litigant subject to prefiling restrictions**. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (district courts may properly enjoin vexatious litigants from filing further actions without first obtaining leave of the court).

Plaintiff is further put **ON NOTICE** that, like all litigants, "[p]arties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules." E.D. Tenn. Loc. R. 83.13.

## V. CONCLUSION

The Complaint [Doc. 1] is subject to dismissal without leave to amend pursuant to *Apple v. Glenn* because it lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." 183 F.3d at 480. This action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

An appropriate judgment shall enter.

**SO ORDERED.**

> */s/ Charles E. Atchley, Jr.*
> **CHARLES E. ATCHLEY, JR.**
> **UNITED STATES DISTRICT JUDGE**